UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEE C. BRADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV1474-DJS |
| | ) | |
| TRANSPORTATION SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now before the Court is defendant Transportation Security Administration's ("TSA") motion to dismiss or, in the alternative, motion for summary judgment [Doc. #23]. Pro se plaintiff Lee C. Bradley opposes defendant's motion. The matter has been fully briefed and is ready for disposition.

### Standard of Review

**Motion to Dismiss**

As an initial matter, the Court notes that Bradley is a pro se litigant, and as such his pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." Ellis v. Butler, 890 F.2d 1001, 1003 (8th Cir. 1989) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). In considering a motion to dismiss a complaint for failure to state a claim, the Court must assume all the facts alleged in the complaint are true, and must liberally construe the complaint in the light most favorable to the plaintiff. Schmedding v. Tnemec Co., 187 F.3d 862, 864 (8th Cir. 1999). A motion to dismiss should not be granted unless it

appears, beyond a doubt, that the plaintiff can prove no set of facts which would allow relief. Id. Thus, as a practical matter, a dismissal for failure to state a claim should be granted only in a case in which a plaintiff includes allegations that show, on the face of the complaint, some insuperable bar to relief. Id.

**Summary Judgment**

In considering a motion for summary judgment, the Court must "view all of the evidence in the light most favorable to the nonmoving party and [will] give that party the benefit of all reasonable inferences to be drawn from the facts disclosed in the pleadings." Reich v. ConAgra, Inc., 987 F.2d 1357, 1359 (8th Cir. 1993). "Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id. "Although the moving party has the burden of demonstrating the absence of genuine issues of material fact, the 'nonmoving party may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial.'" Burchett v. Target Corp., 340 F.3d 510, 516 (8th Cir. 2003) (quoting Rose-Maston v. NME Hosps., Inc., 133 F.3d 1104, 1107 (8th Cir. 1998)).

In ruling on a motion for summary judgment, "a District Court must resolve any factual issues of controversy in favor of the non-moving party only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied. That is a world apart from 'assuming' that general averments embrace the 'specific

facts' needed to sustain the complaint." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990). Consequently, in order to withstand a motion for summary judgment, evidence submitted by a non-movant must contain specific facts, and general statements will not be supplemented by a court's assumptions.

> It will not do to "presume" the missing facts because without them the affidavits would not establish the injury that they generally allege. That converts the operation of Rule 56 to a circular promenade: plaintiff's complaint makes general allegation of injury; defendant contests through Rule 56 existence of specific facts to support injury; plaintiff responds with affidavit containing general allegation of injury, which must be deemed to constitute averment of requisite specific facts since otherwise allegation of injury would be unsupported (which is precisely what defendant claims it is).

Id. at 889; see also Stanback v. Best Diversified Prods., Inc., 180 F.3d 903, 909 (8th Cir. 1999) ("[G]eneral statements in affidavits and deposition testimony...are insufficient to withstand a properly-supported motion for summary judgment.") (citations omitted); Allen v. Entergy Corp., 181 F.3d 902, 905 (8th Cir. 1999) ("[Plaintiff's] conclusory affidavit 'is devoid of any specific factual allegations'...and as such, it cannot withstand a properly supported summary judgment motion.") (quoting Flannery v. Trans World Airlines, Inc., 160 F.3d 425, 428 (8th Cir. 1998)).

**Facts Alleged in Plaintiff's Complaint**

Plaintiff, in his complaint, alleges that on April 16, 2003, he arrived at an airport (presumably Lambert International

- 3 -

Airport in St. Louis, Missouri)[1] and checked his luggage with Southwest Airlines. After landing at his destination, he retrieved his luggage, noticed that the locks were cut off and replaced with wire ties, and found a slip of paper stating that the luggage had been searched by a TSA agent. He alleges that a box of jewelry and a mud-cloth table cover were missing, and that an unnamed TSA agent was responsible for taking his property.

**Undisputed Facts for Purposes of Summary Judgment**

For purposes of defendant's summary judgment motion, the Court finds that the following facts are not in dispute, or have not been specifically controverted pursuant to E.D.Mo. L.R. 7-4.01(E).[2] TSA did not have exclusive control over plaintiff's luggage. Rather, Southwest Airlines' baggage handlers controlled plaintiff's luggage for a period of time. Further, when plaintiff landed at his destination, he went straight to a convention center to work in an assigned booth as a jewelry vendor. After arriving at the convention center, there was a period of time when plaintiff's luggage was left unattended at his booth while he parked his car.[3] After plaintiff parked his car, he returned to

---

[1]Although the location of the alleged taking is not specifically pled, the Court notes that plaintiff's mailing address is in St. Louis, Missouri, and that he alleges that he filed a police report with the airport police in St. Louis and the St. Louis TSA Department. Accordingly, for purposes of the instant motion, the Court will presume plaintiff alleged Missouri as the location of the taking.

[2]"All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." E.D.Mo. L.R. 7-4.01(E).

[3]Plaintiff states in his deposition that he left his luggage in the care of fellow vendors.

- 4 -

his booth and opened his luggage only to find that some jewelry and a mud-cloth table cover were missing.

## Discussion

**Defendant's Motion to Dismiss**

The TSA is a division of the United States Department of Homeland Security, and is accordingly an agency of the United States government. <u>Mariani-Colon v. Dept. of Homeland Sec. ex rel.</u>, 511 F.3d 216, 218 (1st Cir. 2007). Therefore, a lawsuit against the TSA is ultimately a lawsuit against the United States government. Federal courts generally lack jurisdiction to hear claims against the United States government because the United States government is entitled to sovereign immunity. <u>Barnes v. United States</u>, 448 F.3d 1065, 1066 (8th Cir. 2006). A court may hear a case against the federal government, however, if the government has unequivocally waived its immunity to that lawsuit. <u>Id.</u>

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 <u>et seq.</u>, provides a limited waiver of the government's sovereign immunity, and supplies the exclusive remedy for those with claims against the United States for "money damages...for injury or loss of property...caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his...employment." 28 U.S.C. § 1346(b)(1). That is, the FTCA allows the federal government "to be sued for the actions of 'any employee of the Government while acting <u>within the scope of his office or employment</u>' under circumstances where the United States

would be liable if it were a private employer." St. John v. United States, 240 F.3d 671, 676 (8th Cir. 2001) (quoting 28 U.S.C. § 1346(b), 2674) (emphasis added)). Consequently, when determining whether a federal agency is liable for a negligent or wrongful act of its employee, a court must consider whether that employee was acting within the scope of his employment at the time the negligent or wrongful act was committed.

Under the FTCA, the law of the state where the tort occurred directs a court's scope-of-employment analysis. Id.; see also Brown v. Armstrong, 949 F.2d 1007, 1012 n.7 (8th Cir. 1991) ("Under the FTCA, the law of the place of the alleged tort governs the scope-of-employment question."). To this issue, defendant applies the law of Missouri, and plaintiff does not contest that choice. Under Missouri law, the scope-of-employment inquiry is focused, "not [on] the time or motive of the conduct, but rather [on] whether the act was done by virtue of the employment and in furtherance of the business or interest of the employer." Ewing-Cage v. Quality Prods., Inc., 18 S.W.3d 147, 150 (Mo. App. 2000). "If the act is naturally incident to the employer's business...it is done while engaged in the employer's business." Id. (citing P.S. v. Psychiatric Coverage, Ltd., 887 S.W.2d 622, 624 (Mo. App. 1994)). Therefore, for an employer to be liable, the employee's negligent or wrongful conduct must not "arise wholly from some external, independent, or personal motive." H.R.B. v. J.L.G., 913 S.W.2d 92, 97 (Mo. App. 1995); see also Restatement (Second) of Agency § 231 cmt. a (1958) ("[T]he master is not responsible for

[criminal or tortious] acts which are clearly inappropriate to or unforeseeable in the accomplishment of the authorized result.").

In this case, even if plaintiff had alleged and could adduce evidence that a TSA agent took his property, his claim against the TSA must be dismissed. Plaintiff offers no allegation that such a TSA agent's criminal conduct was related to his function as a security administrator, nor does plaintiff allege that such a TSA agent was motivated by a desire to assist the agency in furtherance of its governmental function when he allegedly removed plaintiff's belongings from plaintiff's luggage. Rather, such an employee would be motived solely for personal gain, and consequently operating outside the scope of his employment. See Noah v. Ziehl, 759 S.W.2d 905, 911–12 (Mo. App. 1988) (finding that employee exceeded the scope and course of his employment and, therefore, employer was entitled to a directed verdict) (citing Porter v. Thompson, 206 S.W.2d 509 (Mo. 1947); Milazzo v. Kansas City Gas Co., 180 S.W.2d 1 (Mo. 1944); State ex rel. Gosselin v. Trimble, 41 S.W.2d 801 (Mo. 1931); Smothers v. Welch & Co. House Furnishing Co., 274 S.W. 678 (Mo. 1925); Tockstein v. P.J. Hamill Transfer Co., 291 S.W.2d 624 (Mo. App. 1956); Rohrmoser v. Household Fin. Corp., 86 S.W.2d 103 (Mo. App. 1935)); see also Schloss v. Sears Roebuck & Co., 2005 WL 433316 (E.D. Pa. Feb. 24, 2005) (finding that, under scope-of-employment analysis, employer was not liable for alleged theft of plaintiff's property by employee because no evidence existed that the alleged theft was "motivated by a desire to assist" the employer).

Because any TSA agent who may have removed items from plaintiff's luggage would be operating outside the scope of his employment at the time of those items' removal, plaintiff fails to satisfy his prima facie burden of showing that defendant TSA should be held liable for the loss of his belongings.

**Defendant's Motion for Summary Judgment**

In the alternative, even if plaintiff could assert a claim against defendant TSA under the FTCA for the tortious acts of one of its agents, plaintiff fails to present sufficient evidence to withstand defendant's motion for summary judgment.

Plaintiff's complaint asserts a claim for conversion. "Conversion is the unauthorized assumption and exercise of the right of ownership over the personal property of another to the exclusion of the owner's rights." <u>Ware v. McDaniel</u>, 899 S.W.2d 170, 173 (Mo. App. 1995) (quotation omitted). To prevail in a claim for conversion under Missouri law, a plaintiff is required to prove the following three elements: (1) plaintiff was the owner of the property or entitled to its possession; (2) defendant took possession of the property with the intent to exercise some control over it; and (3) defendant thereby deprived plaintiff of the right to possession. <u>See</u> <u>Mackey v. Goslee</u>, 244 S.W.3d 261, 264 (Mo. App. 2008). At the summary judgment stage, a plaintiff must present evidence which contains specific facts that satisfies each element of the plaintiff's claim.

In this case, it is the second element, that <u>a TSA agent</u> took possession of plaintiff's property, that is fatal to

plaintiff's claim.  For this element, plaintiff offers no direct evidence.  Further, although "[e]ssential facts may be proved by circumstantial evidence," proof by circumstantial evidence must "rise above the stature of guesswork, speculation or surmise." Ware, 899 S.W.2d at 173.  At least three classes of people (Southwest employees, TSA agents, and convention goers) had access to plaintiff's luggage out of his presence.  Accordingly, even viewing the facts in a light most favorable to plaintiff, the Court finds that plaintiff has not met his burden of coming forward with facts of "such certainty to cause [plaintiff's conclusion] to be the more reasonable and probable of conclusions to be drawn."  Id.

For the above stated reasons,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. #23] is granted.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #25] is denied as moot.

Dated this  10th   day of April, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE